UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS ASSOCIATION OF PRIVATE CAREER SCHOOLS (MAPCS),<br><br>Plaintiff,<br><br>v.<br><br>MAURA HEALEY, IN HER OFFICIAL CAPACITY AS THE MASSACHUSETTS ATTORNEY GENERAL,<br><br>Defendant. | CIVIL ACTION<br>NO. 1:14-cv-13706-FDS<br><br>Leave to File Granted on:<br>September 14, 2015 |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF POST-HEARING REBUTTAL BRIEF**

In accordance with the Court's September 14, 2015, Order (Dkt. No. 61) granting MAPCS leave under Local Rule 7.1 to submit the supplemental authority attached hereto as Exhibit 1, *Reed v. Town of Gilbert, Arizona*, 135 S. Ct. 2218 (2015), MAPCS hereby provides the United States Supreme Court's June 18, 2015 *Reed* decision. *Reed* is critical authority not previously cited by either party and refutes the AG's post-hearing argument. (Dkt. No. 55 at 2.) Specifically, *Reed* confirms that the AG's content-based Regulations governing Proprietary Schools are (1) subject to strict scrutiny; (2) properly analyzed under *Sorrell*; and (3) presumptively unconstitutional. Accordingly, the *Reed* decision is instructive for at least three reasons:

*First*, *Reed* confirms that "strict scrutiny applies" because the Regulations target specific content—marketing by Proprietary Schools. Dkt. No. 34 at 8; *Reed*, 135 S. Ct. at 2227 (holding

that content-based "regulation of speech is . . . subject to strict scrutiny"). *Reed* squarely *rejects* the AG's post-hearing argument that the State's "justifications" should lead the Court to apply "lessened judicial standards of review, to the extent any protection is warranted at all." (Dkt. No. 55 at 2.) To the contrary, *Reed* held that "[w]e [] have no need to consider the government's justifications or purposes for enacting the [law] to determine whether it is subject to strict scrutiny." 135 S. Ct. at 2227-28 (recognizing that even "an innocuous justification cannot transform a facially content-based law into one that is content neutral"). *Reed* demonstrates how and why strict scrutiny governs the analysis here.

*Second*, *Reed* refutes the AG's claim that MAPCS "misapplies" *Sorrell*. (Dkt. No. 55 at 2.) Rather, *Reed* repeatedly cites *Sorrell* for the propositions MAPCS advanced. For example, *Reed* recognizes, as MAPCS does, that under *Sorrell* the state cannot regulate speech based on the "message" expressed. Dkt. No. 34 at 10; *Reed*, 135 S. Ct. at 2227. *Reed* also recognizes, as MAPCS does, that *Sorrell* applied strict scrutiny to "commercial speech." Dkt. No. 34 at 8; *Reed*, 135 S. Ct. at 2235 (Breyer, J., concurring in judgment). *Reed* illuminates well how *Sorrell* governs this case.

*Third*, *Reed* confirms that these content-based Regulations "all are presumptively invalid." Dkt. No. 49 at 4-5; *Reed*, 135 S. Ct. at 2226-27 ("Content-based laws . . . are presumptively unconstitutional."). Altogether then, *Reed* informs the proper level of scrutiny, the binding precedent, and the starting point for the First Amendment analysis in this case.

Considering *Reed* now can ensure this Court has the benefit of the Supreme Court's latest decision on these essential points.

Dated:  September 14, 2015						Respectfully submitted,


							*/s/ Robert B. Lovett*
							Robert B. Lovett (BBO# 561691)
							rlovett@cooley.com
							Adam S. Gershenson (BBO# 671296)
							agershenson@cooley.com
							Cooley LLP
							500 Boylston St.
							Boston, MA 02116
							Telephone: (617) 937-2300
							Fax: (617) 937-2400


**CERTIFICATE OF SERVICE**

I, Robert B. Lovett, hereby certify that, this 14th day of September, 2015, I filed the foregoing document through the Electronic Case Filing (ECF) system and thus copies of the foregoing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent, via first-class mail, to those indicated as non-registered participants.


							*/s/ Robert B. Lovett*

Dated:  September 14, 2015						Respectfully submitted,

							*/s/ Robert B. Lovett*
							Robert B. Lovett (BBO# 561691)
							rlovett@cooley.com
							Adam S. Gershenson (BBO# 671296)
							agershenson@cooley.com
							Cooley LLP
							500 Boylston St.
							Boston, MA 02116
							Telephone: (617) 937-2300
							Fax: (617) 937-2400

**CERTIFICATE OF SERVICE**

I, Robert B. Lovett, hereby certify that, this 14th day of September, 2015, I filed the foregoing document through the Electronic Case Filing (ECF) system and thus copies of the foregoing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent, via first-class mail, to those indicated as non-registered participants.

							*/s/ Robert B. Lovett*